# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

OMAR A. CANDELARIA-MELÉNDEZ,

Petitioner,

v.

VÍCTOR T. RIVERA-PERCY,

Respondent.

CIVIL NO. 18-1413 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

In 2007, petitioner was sentenced for firearms and controlled substance violations in the Court of First Instance of Puerto Rico ("CFI") (Docket No. 17-1). In 2018, he initiated the present action challenging the conviction under 28 U.S.C. § 2254 (Docket No. 3). Respondent moved to dismiss (Docket No. 14). The court referred the matter to U.S. Magistrate Judge Camille Vélez-Rivé for a hearing, if necessary, and Report and Recommendation ("R&R") (Docket No. 19). Before the court are the R&R (Docket No. 24); respondent's dismissal request (Docket No. 14) and objections to the R&R (Docket No. 26); and petitioner's response (Docket No. 25). Having reviewed the R&R in light of the record, the petition is untimely. Therefore, respondent's motion is GRANTED and the case DISMISSED.

## I.  INTRODUCTION

After the court's referral, the Magistrate Judge ordered respondent to file, on or before March 3, 2020, the documents that petitioner had mentioned at Docket No. 3, and to explain in detail the applicability and/or relevancy (or lack thereof), of those documents here (Docket No. 20). On February 28, 2020, respondent requested an extension of time to comply with the order, which the

Magistrate Judge granted (Docket Nos. 21 and 22). Later, she vacated the order, denied respondent's request, and issued an R&R recommending that the motion to dismiss be denied without prejudice for lack of supporting documentation and certified translations (Docket Nos. 22, 23, and 24). On March 4, 2020, petitioner filed a "Response to Order" (Docket No. 25), and on March 13, 2020, respondent presented "Objections to Report and Recommendation at Docket No. 24 Denying Without Prejudice Motion to Dismiss for Lack of Supporting Documentation and Certified Translations" (Docket No. 26), including with the objections the documents that the Magistrate Judge had requested.[1]

## II. REFERRAL TO MAGISTRATE JUDGE

A district court may refer dispositive motions to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B)(setting forth authority to designate a magistrate judge to submit proposed findings of fact and recommendations for any motion excepted in subparagraph (A), including motions to dismiss); Fed.R.Civ.P. 72(b)(regulating magistrate judge's recommended disposition of pretrial matters dispositive of a claim or defense); Loc.Civ.R. 72(referrals from district judge to magistrate judge for proposed findings of fact and recommendations regarding, among other motions, motions to dismiss).

Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1)(objections to magistrate judge's proposed findings and recommendations); Loc.Civ. Rule 72(d)(same). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific

---

[1] Responded had included some of the documents with the motion to dismiss. See, Docket Nos. 14-1 and 14-2 (Spanish language documents) and Docket Nos. 17-1 and 17-2 (Certified Translations).

objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010). The objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection." Vélez-Padro v. Thermo King de Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006).

The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(a)(b)(1). In this instance, the Magistrate Judge recommended denying the motion to dismiss without prejudice for lack of documents, but respondent included, albeit belatedly, those documents in the objections to the R&R. Under these circumstances, the court finds no reason to delay ruling on the motion to dismiss.

### III. DISCUSSION

#### A. Legal Standard

Respondent claims that if he had been allowed to present the documents within the timeframe initially granted to do so, the R&R would have included a different recommendation, one recommending dismissal based on untimeliness (Docket No. 26, pp. 2, 8). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. See, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). Under Section A, the limitations period runs from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See, 28 U.S.C. § 2254(d)(1)(A).

#### B. Relevant Background

On May 30, 2007, petitioner was found guilty in the CFI of violating Articles 5.03, 5.04, 5.07, and 5.10 of the Puerto Rico Weapons Act, as well as Article 4.01 of the Controlled Substances Act (Docket No. 17-1). On June 14, 2007, the CFI entered and notified the corresponding judgment.

Id. On April 25, 2012, petitioner filed a motion to vacate the sentence under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, P.R. Laws Ann. tit. 32, Ap. II, R. 192.1 (Docket No. 17-2, p. 2). On May 1, 2012, the CFI denied the motion. Id. at p. 1. On June 29, 2012, the Puerto Rico Court of Appeals affirmed the CFI's ruling. Id. at p. 16. Petitioner did not seek review of the Court of Appeals' determination with the Puerto Rico Supreme Court (Docket No. 25).

On August 10, 2017, petitioner filed a second motion for state post-conviction relief (Docket No. 29-1), which the CFI denied on September 12, 2017. Id. Petitioner followed up with a *certiorari* petition in the Puerto Rico Court of Appeals (Docket No. 29-2), which the Court of Appeals denied on February 13, 2018 (Docket No. 29-2). Petitioner asked the Puerto Rico Supreme Court to issue a writ of *certiorari* in connection with the Court of Appeals' decision (Docket No. 29-3). On April 23, 2018, the Supreme Court denied the request. Id.

### C. Analysis

Because petitioner did not appeal the sentence, it became final under AEDPA on July 14, 2007 (Docket No. 14, p. 9).[2] More than four years later, on April 25, 2012, he moved for state post-conviction relief, which the CFI denied on May 1, 2012. The Puerto Rico Court of Appeals affirmed the CFI's ruling on June 29, 2012. Petitioner did not challenge that determination before the Puerto Rico Supreme Court. And he did not file the second request for state post-conviction relief until 2017. In consequence, the state post-conviction events did not toll the filing period to initiate the present action in 2018. By that point, the period had already expired. See, Palacios v. Stephens, 723

---

[2] If direct review is not pursued through each level of the state courts, the judgment becomes final when the time for seeking the relevant level of appellate review expires. See, González v. Thaler, 565 U.S. 134, 137, 150 (2012) (addressing topic). To this end, Rule 194 of the Puerto Rico Rules of Criminal Procedure states, in relevant part, that an appeal may be filed in the CFI or in the Court of Appeals, within thirty days following the date judgment was entered. 34 L.P.R.A. Ap. II R. 194.

F.3d 600, 604 (5th Cir. 2013)(because the petitioner's state habeas petition was not filed within the one-year period that commenced after the state criminal judgment became final under the AEDPA, it did not statutorily toll the limitation clock); Brown v. Lashbrook, 2018 WL 2187441, * 4 (C.D. Ill. May 11, 2018)(second postconviction petition filed after the limitations period expired did not restart the period).

Petitioner argues that he is serving an unconstitutional sentence because in District of Columbia v. Heller, 554 U.S. 570 (2008), and McDonald v. City of Chicago, 561 U.S. 742 (2010), the Supreme Court recognized the right to bear and possess arms without a license under the Second Amendment (Docket Nos. 3 and 25). Yet Heller was decided on June 26, 2008, and McDonald on June 28, 2010. Based on 28 U.S.C. § 2244 (d)(1)(C), then, the one-year statute of limitations started to run from the date the Supreme Court initially recognized the constitutional right in question, if the right was newly recognized and made retroactively applicable to cases on collateral review. From this perspective, petitioner had until June 28, 2011 to petition for post-conviction relief on that basis, but only did so in 2017 (Docket No. 26). By that time, however, it was too late.

The one-year statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). This doctrine only applies in rare and exceptional circumstances. See, Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("…[E]quitable tolling is strong medicine, not profligately to be dispensed."); Wojcik v. Spencer, 198 F.Supp.2d 1 (D. Mass. 2002)(equitable tolling in habeas corpus cases to be applied sparingly). The court will consider such tolling if the litigant establishes two conditions: (i) he has been pursuing his rights diligently; and (ii) some extraordinary circumstance stood in his way and prevented timely filing. See, Pace v. DiGuglielmo, 544 U.S. 408, 415 (2005)(discussing doctrine). Neither of these conditions is present here.

As mentioned earlier, petitioner was sentenced on May 30, 2007, with entry and notice of judgment on June 14, 2007 (Docket No. 17-1). He waited more than four years, until April 2012, to file his first motion for state post-conviction relief (Docket No. 17-2, p. 2). Even though the constitutional arguments on which he bases the request were available in 2008 and 2010, he did not include them in that motion (Docket No. 17-2). He did so for the first time in a second motion for post- conviction relief in August 2017 (Docket No. 25, p. 1; Docket No.26, p. 15).

In context, the extended gap in the filings presents no occasion to consider the limitations period equitably tolled. Nothing on the record suggests that petitioner was justified in waiting so many years before pursuing the claims now pending in this court. There is no indication that any state action impeded his ability to file a timely federal habeas petition. And he has offered no excuse, let alone a reasonable or legally significant one, for the tardiness. Equitable tolling is not warranted. See, Taylor v. Michael, 724 F.3d 806, 812 (7th Cir. 2013)(habeas petition untimely and not equitably tolled).

### IV. CONCLUSION

For the reasons stated, petitioner's application for relief under 28 U.S.C. § 2254 is time-barred and, therefore, is hereby DISMISSED. Judgment shall be entered accordingly.

### V. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Because "reasonable jurists" could not "debate whether … the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), based on the circumstances described above, the court will not issue a COA. The considerable tardiness of the petition and the petitioner's failure to explain it permits "no disposition besides dismissal."

Roberts v. Medeiros, 2015 WL 1883935, * 4 n.6 (D. Mass. April 24, 2015)(so noting in deciding not to issue COA). Petitioner may still seek a certificate directly from the First Circuit in conformity with Rule 22(b)(1) of the Federal Rule of Appellate Procedure.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE